## LACKMAN v. TAX COMMISSION.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3122. Decided Jan. 20, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**635.—INHERITANCE TAX—419. Dower—362a. Decedents' Estates.**

Where wife elects not to take under will, her interest in personal property of deceased husband is subject to inheritance tax.

Error to Common Pleas.
Judgment reversed.

Dolle, O'Donnell & Cash, Cincinnati, for Lackman.

Chas. P. Taft, Pros. Atty. and Augustus Beall, Asst. Pros., Cincinnati, for Tax Commission.

### STATEMENT OF FACTS.

Albert Lackman died testate. His will was probated March 2, 1923. February 1, 1924, Emma Perll Lackman, his widow, elected not to take under the will. Her dower interest in the real estate and her homestead exemption were set off to her, and the court held that both were exempt from the inheritance tax laws of Ohio.

The Probate Court found that Mrs. Lackman's interest in the personal property, of which the deceased died seized, was $75,090.20; of that sum $5,000.00 was exempt under the succession tax. It found the amount subject to tax was $70,090.20, and that the amount of the tax was $1,151.80.

The Court of Common Pleas affirmed that judgment and this action is prosecuted to reverse the judgment of the Court of Common Pleas, affirming the judgment of the Probate Court.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

CUSHING, J.

The question is: Does the personal property that Emma Perll Lackman took under and by virtue of the provisions of Sections 8592, 10566, and 10571 GC., come within the provisions of Section 5332 GC., levying a tax upon the succession to property.

The right to inherit either real or personal property, in Ohio, is statutory. All taxes in Ohio are statutory.

Section 8606 GC., vests in the wife a dower interest in the real estate owned by the husband. He cannot dispose of it either by sale or by will, and deprive her of the interest with which she is vested by the statutes.

Section 8592 GC., does not vest in the wife any interest in her husband's personal property, prior to his decease.

The statute determines the part of the personal property that she takes at his death, but it does not vest in her any right or interest that he cannot dispose of while living. True, he may not will it, and deprive her of her interest, but the will does not take effect until after his death, and whatever interest she has, vests at his death.

Section 8592 GC., so far as pertinent, is in the following language:

"* * * If the intestate leaves any children or their legal representatives, the widow or widower will be entitled to one-half of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution."

The statute does not vest in the wife any interest in her husband's personal property prior to his decease. He could dispose of all his personal property while in being. But he may not, by will, deprive his wife of the interest the law gives her in the personal property of which he died seized.

She, therefore, takes the property by succession, and, in our opinion, it is subject to the inheritance tax laws of the state.

(Hamilton, PJ. and Mills, J., concur.)